IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FELIPE D.
HERNANDEZ,

                Petitioner,

        v.                           CASE NO. 10-3251-SAC

SAM CLINE,
et al.,

                Respondents.

## O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, is before the court upon respondents' Motion to Dismiss (Doc. 7) as not filed within the applicable statute of limitations. Having considered the motion, the court finds that petitioner is required to respond to the motion and show cause why this action should not be dismissed as time-barred.

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, the most common being "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute provides for tolling of the limitations period during the pendency of any "properly filed application for State post-conviction or

other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2).

Applying the statutory provisions to the facts tentatively found in this case, Mr. Hernandez' convictions "became final" for limitations purposes on August 1, 2005.[1] The statute of limitations began to run on this date, and ran for 276 days. Respondents admit that it was statutorily tolled during the pendency of petitioner's "properly filed" 60-1507 proceedings from the date that state petition was filed, May 4, 2006, through the date the Kansas Supreme Court denied review in those proceedings, May 19, 2010. The statute of limitations thus began running again on May 20, 2009, with 89 days remaining. Mr. Hernandez did not mail his federal petition in this case until November 22, 2010. This was more than three months after the statute of limitations expired on August 17, 2010. It thus plainly appears from the procedural history set forth by respondents that, without either additional statutory tolling or equitable tolling, Mr. Hernandez' federal petition is time barred.

Petitioner alleges no facts indicating his entitlement to additional statutory tolling. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v.

---

[1] Mr. Hernandez had 90 days from the Kansas Supreme Court's denial of his Petition for Review on direct appeal in which to file a petition for writ of certiorari in the United States Supreme Court. Because he did not seek U.S. Supreme Court review, his conviction became final after that 90-day period expired. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).

2

DiGuglielmo, 544 U.S. 408, 418 (2005); see Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 800 (10th Cir. 2000). The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Id. (internal citations omitted); Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). "Simple excusable neglect is not sufficient." Gibson, 232 F.3d at 808. The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. Miller v. Marr, 141 F.3d 976, 977 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)(quoting Wallace v. Kato, 549 U.S. 384, 396 (2007))("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence'.").

A petitioner's ignorance of the law in general, and the published AEDPA time limits in particular, is not a "rare and exceptional" circumstance beyond his control entitling him to

3

equitable tolling.  Marsh, 223 F.3d at 1220 ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing'."); Klinger, 232 F.3d at 808 ("[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling."); Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808.  Similarly, complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling.  See Scott v. Johnson, 227 F.3d 260, 263 n.3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001).

In response to the question on his form petition regarding timeliness, Mr. Hernandez alleges that the filing of his 60-1507 petition was delayed due to the lack of staff in the Defender Project of the University of Kansas School of Law during the summer months and that this delay was excused by the state district court, which deemed his claims timely.  This circumstance does not entitle Mr. Hernandez to any additional tolling in this case, since tolling for the time his state post-conviction proceedings were pending is already conceded.  See also Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006)(Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the (federal) statute of limitations.")(citing Burger, 377 F.3d at 1136-37; Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003)).

Mr. Hernandez also alleges that he is of Hispanic descent and speaks very little English.  However, as respondents point out, this circumstance, standing alone, does not demonstrate

4

extraordinary circumstances that prevented petitioner from asserting his federal claims in a timely fashion. Yang, 525 F.3d at 929 (stating that in unpublished opinions, the Tenth Circuit has "consistently and summarily refused to consider [lack of proficiency in the English language] as extraordinary, warranting equitable tolling")(citation & footnote omitted); Gutierrez-Ruiz v. Trani, 378 Fed.Appx. 797, 799 (10th Cir. 2010).[2] Mr. Hernandez' "need for assistance in understanding the legal process" is "common for the majority of pro se prisoners" whether or not they are deficient in the English language. Yang, 525 F.3d at 930 (citing see Marsh, 223 F.3d at 1220 (ignorance of the law not extraordinary); Miller, 141 F.3d at 978 (lack of legal assistance not extraordinary)). Mr. Hernandez' statement that the state district court did not allow tolling for him to prepare his federal petition does not show his entitlement to additional statutory or equitable tolling.

Furthermore, none of petitioner's statements regarding timeliness shows that or how he diligently pursued his remedies on any of the 365 days that the federal statute of limitations was running in this case. In other words, Mr. Hernandez has not alleged with specificity "the steps he took to diligently pursue his federal claims."

Petitioner is ordered to file a Response to respondents' Motion to Dismiss alleging facts indicating that he is entitled to

---

[2] This unpublished opinion is not cited as binding precedent but for persuasive value. See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

additional statutory or equitable tolling of the statute of limitations in this case, and showing cause why his petition should not be dismissed as time barred under 28 U.S.C. § 2244(d)(1).  If he fails to file an adequate Response within the time provided, this action will be dismissed as time-barred.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to file a Response to respondents' Motion to Dismiss (Doc. 7) in which he shows cause why this petition for writ of habeas corpus should not be dismissed as time barred under 28 U.S.C. § 2244(d)(1) based upon the facts and for the reasons stated in the Motion and in this Order.

**IT IS SO ORDERED**.

Dated this 14th day of June, at Topeka, Kansas.

s/Sam A. Crow<br>
U. S. Senior District Judge