IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FELIPE D.
HERNANDEZ,

                    Petitioner,

          v.                              CASE NO.  10-3251-SAC

SAM CLINE,
et al.,

                    Respondents.

O R D E R

      This pro se petition for writ of habeas corpus, 28 U.S.C.
§ 2254, is before the court upon respondents' Motion to Dismiss the
petition as not filed within the applicable statute of limitations
(Doc. 7).    Upon  considering  the  motion,  the  court  ordered
petitioner to file a Response alleging facts indicating that he is
entitled  to  additional  statutory  or  equitable  tolling  of  the
statute of limitations, and showing cause why his petition should
not be dismissed as time barred under 28 U.S.C. § 2244(d)(1).
Petitioner has filed a timely Response (Doc. 9).   Having considered
the Motion to Dismiss and petitioner's Response together with all
materials in the file, the court finds that this action should be
dismissed as time-barred.

      In  its  prior  Order,  the  court  quoted  provisions  of  28
U.S.C. § 2244(d)(1) that set forth the statute of limitations for
filing  a  federal  habeas  corpus  petition,  and  applied  those
provisions to the facts "tentatively found" in this case.   In his
Response, petitioner agrees that the significant facts set forth by

the court are accurate and that his petition was filed beyond the one-year deadline.

Mr. Hernandez claims that he is entitled to equitable tolling. The grounds on which he bases this claim are (1) that he "at all times" diligently pursued his post-conviction remedies; (2) that he was entirely dependent upon assistance from others to prepare and file his state and federal actions; (3) that he has no legal skills or understanding; (4) that Spanish is his native language and "the only language he can communicate in" so that he needs an interpreter to communicate in English; (5) that he has no access to any state or federal legal materials written in Spanish; (6) that he is indigent and could not hire an attorney, and (7) that he is innocent of the crimes of which he was convicted.

Mr. Hernandez acknowledges that the "language barrier" and the other circumstances he alleges are not sufficiently "rare and extraordinary" under current law so as to entitle him to equitable tolling. His main assertion is actual innocence.

The court finds that petitioner has not established that he pursued his rights diligently throughout the limitations period. Although Mr. Hernandez expresses his belief that he proceeded with "exceptional diligence" in surmounting the many obstacles he faced, he still fails to explain what efforts he actually made to pursue his federal remedies on any of the 365 days that the federal statute of limitations was running in this case.

The court further finds that Mr. Hernandez has not met his burden of establishing that some "rare and extraordinary

2

circumstances" beyond his control prevented him from filing his federal petition in a timely manner. Petitioner's allegations of indigence, lack of access to an attorney, need for assistance, and lack of legal knowledge have all been held not to amount to such rare and extraordinary circumstances as to warrant equitable tolling. The court previously advised Mr. Hernandez that a petitioner's ignorance of the law in general, and the published AEDPA time limits in particular, is not a "rare and exceptional" circumstance beyond his control entitling him to equitable tolling. As petitioner was also informed in the court's prior order, complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. Likewise, being of Hispanic descent and having difficulty communicating in English are not extraordinary circumstances, and petitioner has not shown that these circumstances actually prevented him from asserting his federal claims in a timely fashion. As the court previously pointed out, Mr. Hernandez' "need for assistance in understanding the legal process" is "common for the majority of pro se prisoners" whether or not they are deficient in the English language.

As support for his claim of actual innocence, Mr. Hernandez alleges only that the Innocence Project "is looking at (his) case, and why the prosecution deliberately destroyed and lost DNA Forensic evidence." While actual innocence is an extraordinary circumstance warranting equitable tolling, petitioner alleges no facts whatsoever that indicate his actual innocence. "[A]n inmate

bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence'." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)(quoting Wallace v. Kato, 549 U.S. 384, 396 (2007)). In Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998), the Circuit Court contemplated that extraordinary circumstances, i.e., "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent," may warrant equitable tolling of the § 2244(d)(1) limitation period. Id. To prevail on a claim of actual innocence justifying equitable tolling of the limitation period, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, (1998)(internal quotations omitted). To be credible, such a claim requires the habeas petitioner to support his allegations of innocence with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. Because "such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner has provided no significant new reliable evidence of his innocence to this court.

The court concludes that petitioner has not met his burden of showing his entitlement to equitable tolling, and this action must be dismissed as time-barred.

IT IS THEREFORE ORDERED that respondents' Motion to Dismiss

4

(Doc. 7) is sustained, and that this petition for writ of habeas corpus is dismissed as time barred based upon the facts and for the reasons stated in respondents' Motion to Dismiss, as well as in this court's Order dated June 14, 2011, and herein.

**IT IS SO ORDERED**.

Dated this 29th day of July, 2011, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge